# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHAUNATE ELLIS,                          )
                               )        Case No. 2:14-cv-01926-JAD-CWH
         Plaintiff,                    )
                               )        **REPORT AND RECOMMENDATION**
v.                                       )
                               )
CAROLYN W. COLVIN, Acting                )
Commissioner of Social Security          )
Administration,                          )
                               )
         Defendant.                    )
_____)

      This matter was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.  The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Shaunate Ellis's ("Plaintiff") application for disability insurance benefits pursuant to Title II of the Social Security Act.  The Court has reviewed Plaintiff's motion for reversal/remand (ECF No. 16), filed February 24, 2015, the Commissioner's opposition and cross-motion to affirm (ECF Nos. 21, 22), filed April 28, 2015, and Plaintiff's reply (ECF No. 23), filed May 18, 2016.

## BACKGROUND

### 1.     Procedural History

      On February 25, 2011, Plaintiff applied for disability insurance benefits, alleging an onset date of February 24, 2011.  AR[1] 142-48.  Plaintiff's claim was denied initially on December 16, 2011, and upon reconsideration on February 15, 2012.  AR 95-103.  A hearing was held before an Administrative Law Judge ("ALJ") on February 5, 2013.  AR 31-80.  On April 24, 2013, the ALJ issued a decision finding Plaintiff was not disabled from February 24, 2011, through the date of the decision.  AR 9-23.  Thereafter, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision final.  AR 1-4.

---

[1]  AR refers to the Administrative Record in this matter.  (Notice of Manual Filing, ECF No. 15).

Plaintiff, on November 19, 2014, commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g).  *See* ECF No. 1, 3.

**2.      The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920.  AR 15-22.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of February 24, 2011.  AR 11.  At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of lupus, affective order, and anxiety disorder. Id.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 13. Under step four, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and SSR 83-10, with the following limitations:  perform postural activities frequently; occasional climbing of ladders, ropes, and scaffolds; avoid concentrated exposure to extreme heat and cold; perform simple one to two step tasks with only occasional interaction with the public, co-workers, and supervisors; and limited to occupations that do not require frequent verbal communication with others.  AR 14-22.  The ALJ also noted that Plaintiff could not perform past relevant work.  AR 22. Considering Plaintiff's age, education, work experience, and RFC, under step five, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy.  AR 22-23. Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date of February 24, 2011, through the date of the decision.  AR 23.

**DISCUSSION**

**1.      Judicial Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed pursuant to 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action... brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without

remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying or reversing a decision of the Commissioner *de novo. See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

//

## 2.    Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to Step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

Plaintiff seeks reversal of the ALJ's decision because the ALJ purportedly relied on flawed vocational expert testimony to support his finding that Plaintiff was not disabled under step 5 of the sequential evaluation process. At the February 5, 2013 hearing before the ALJ, the vocational expert ("VE") testified that Plaintiff could perform the occupations of mail clerk and bench assembler. Plaintiff disputes the VE testimony, claiming that a **mail clerk** requires "light" exertion, but the ALJ found Plaintiff was limited to "sedentary" exertion. Plaintiff also contends that she lacks the mental ability to perform the mail clerk position because it requires a reasoning level of 3[3] under the Dictionary of Occupational Titles ("DOT"), and she can only perform simple one- to two-step tasks, which purportedly correlates with reasoning level 1[4] of the DOT. Additionally, Plaintiff concedes that she is physically capable of performing work as a **bench assembler**. However, Plaintiff claims she lacks the mental capacity required for the job because a bench assembler requires a reasoning level of 2[5] and she can only perform one- to two-step tasks, which purportedly correlates with reasoning level 1[6] of the DOT. Plaintiff further contends that because her ability to reason is at level 1, the VE's testimony deviates from the DOT. As such,

---

[3] Under the DOT, reasoning level 3: "Appl[ies] commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form" [and] "[d]eal[s] with problems involving several concrete variables in or from standardized situations." DOT Appendix C.

[4] Under the DOT, reasoning level 1: "Appl[ies] commonsense understanding to carry out simple one- or two-step instructions" [and] "[d]eal[s] with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT Appendix C.

[5] Under the DOT, reasoning level 2: "Appl[ies] commonsense understanding to carry out detailed but uninvolved written or oral instructions" [and] "[d]eal[s] with problems involving a few concrete variables in or from standardized situations." DOT Appendix C.

[6] *See supra* note 4.

1    Plaintiff concludes that the ALJ failed to account for this deviation, resulting in error.

2         The Commissioner argues that a conflict between the ALJ's RFC assessment and the VE's

3    response to the hypothetical presented at the hearing, which limited Plaintiff to one- to two-step tasks,

4    ultimately did not result in a conflict because Plaintiff was found to have the capacity to perform activities

5    within a range identified in the DOT.  The Commissioner adds that the VE's testimony was proper, as it

6    provided more specific information about the two positions when compared to the the DOT.  The

7    Commissioner also concedes that the mail clerk position involves "light" work.  But while the ALJ

8    mistakenly identified this work as "sedentary," the Commissioner argues that the error is harmless because

9    Plaintiff could still perform the bench assembler position at the sedentary level.

10        The Court finds that the ALJ's RFC determination is consistent with the hypothetical the ALJ

11   submitted to the VE.  With respect to the bench assembler position, the VE testified that the position

12   involves sedentary work, which Plaintiff concedes she is physically capable of performing.  See Doc. #

13   16 at 7.  However, Plaintiff contends she lacks the mental capacity required to perform the job.  The Court

14   is not persuaded.  At the hearing, the VE testified that the bench assembler position is an SVP[7] 2[8] and

15   involves "one and two step" tasks.  AR 70.  Using the skill level definitions in 20 C.F.R. 404.1568 and

16   416.968, the DOT designates unskilled work as an SVP of 1-2, semi-skilled work as an SVP of 3-4, and

17   skilled work as an SVP of 5-9.  Plaintiff's skill level clearly falls under the "unskilled" category, and the

18   ALJ's reliance on the VE's testimony was proper because the testimony accounted for the SVP and

19   Plaintiff's limitations.  The Court is also not persuaded in light of evidence, as found by the ALJ, of

20   Plaintiff's exaggeration of her symptoms, 12th grade formal education, procurement of a cosmetology

21   license, self-reported daily activities, routine/conservative treatment for reported mood/anxiety disorders,

22   the absence of psychiatric treatment or psychotherapy, and objective medical evidence on the record.

23   Further, the ALJ found that Plaintiff displayed "fair to good insight and judgment, fair memory,

24   appropriate mood and affect, average estimated IQ, normal attention, and normal thought process."  AR

25   17.

26   _____

27        [7]  "SVP," or "specific vocational preparation" level, is defined by the DOT as "the amount of lapsed time required
     by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance

28   in a specific job-worker situation."  DOT, Appendix C, p. 1009 (4th ed. 1991).

          [8]  SVP 2 means "anything beyond a short demonstration up to and including 1 month."  SSR 00-4p.

Moreover, the Court agrees with many other courts that while a claimant may be limited to simple, repetitive work, she could still perform jobs with a reasoning level of 2 or 3. *See e.g., Abrew v. Astrue*, 303 Fed. App'x. 567, 570 (9th Cir. 2008) (no conflict between the ALJ's step five determination that plaintiff could complete only simple tasks and the vocational expert's testimony that plaintiff could do jobs categorized at reasoning level 2); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). There is also nothing in the record indicating that Plaintiff's reasoning level has substantially changed since the time she engaged in her prior work (as a cosmetician and mortgage loan processor). The Court therefore finds no conflict between the ALJ's determination that Plaintiff could complete only one- and two-step tasks, and the vocational expert's testimony that Plaintiff could work as a bench assembler, which the DOT categorizes as reasoning level 2.

With respect to the mail clerk position, the Commissioner concedes that the ALJ mistakenly identified the work involved as "sedentary," but argues that this error is harmless. The Court finds that the ALJ's misstatement does not detract from the evidence and finding that Plaintiff can perform a job widely available in the national economy that accounts for her limitations. Because Plaintiff can perform the bench assembler position at the sedentary level, and it exists in significant numbers in the national economy, the Court finds it unnecessary to reverse the ALJ's decision on this basis.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 16) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 21) be **granted.**

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 4, 2016

_____

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

8