UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAUNATE ELLIS, | ) |
| Plaintiff, | ) ) ) Case No.: 2:14-cv-01926-GMN-CWH |
| vs. | ) ) |
| NANCY A. BERRYHILL, | ) **ORDER** |
| Defendant. | ) ) |

Pending before the Court for consideration is a Motion to Remand, (ECF No. 16), filed by Plaintiff Shaunate Ellis ("Plaintiff") and the Cross–Motion to Affirm, (ECF No. 21), filed by Defendant Nancy A. Berryhill[1] ("Defendant"). These motions were referred to the Honorable Carl W. Hoffman, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

On March 7, 2016, Judge Hoffman entered the Report and Recommendation ("R&R"), (ECF No. 28), recommending Plaintiff's Motion to Remand be denied and Defendant's Cross–Motion to Affirm be granted. Plaintiff filed her Objection to the Report and Recommendation, (ECF No. 29), on March 10, 2016. Defendant filed her Response to the Objection, (ECF No. 30), on March 28, 2017.

I. **BACKGROUND**

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant to § 205(g) of the amended Social Security Act, 42

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

U.S.C. § 405(g). (Compl., ECF No. 3). Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her claims for Social Security Disability benefits benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–403. (*Id.* ¶ 6)

Plaintiff applied for disability insurance benefits on February 25, 2011, which were denied initially and upon reconsideration. (*Id.* ¶¶ 5–8); (Admin. R. ("AR") at 146–52, ECF No. 15-1). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who ultimately issued an unfavorable decision denying Plaintiff's benefits claim. (*Id.* ¶ 7). Plaintiff timely requested Appeals Council review of the ALJ's decision, which was denied on October 7, 2014. (*Id.*).

This action was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1–4. In his Report and Recommendation, Judge Hoffman recommended that this Court enter an order granting the Motion to Affirm, (ECF No. 21), and denying the Motion for Remand, (ECF No. 16). (R&R, ECF No. 28).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

In the R&R, Judge Hoffman found that the ALJ's finding that Plaintiff has the mental capacity to perform work as a bench assembler was supported by substantial evidence. (R&R 7:10–25, ECF No. 28). Specifically, Judge Hoffman found "no conflict between the ALJ's

determination that Plaintiff could complete only one- and two-step tasks, and the vocational expert's ["VE's"] testimony that Plaintiff could work as a bench assembler, which the [Dictionary of Occupational Titles ("DOT")] categorizes as reasoning level 2." (*Id.* 8:7–10). On this point, Judge Hoffman looked to the VE's testimony that a bench assembly position involves "one and two step" tasks; the DOT designation of the job as "unskilled"; and Plaintiff's "exaggeration of her symptoms." (*Id.* 7:14–25). Accordingly, Judge Hoffman concluded that the ALJ did not err in determining that "Plaintiff can perform a job widely available in the national economy that accounts for her limitations." (*Id.* 8:11–16).

Plaintiff's objection to the R&R is limited to "whether [she] retains the mental capacity to perform the occupation of bench assembler in light of the ALJ's finding that she was limited to simple one to two step tasks." (Obj. 4:12–14, ECF No. 29). In particular, Plaintiff relies on the Ninth Circuit decision in *Rounds v. Comm'r SSA*, 807 F.3d 996 (9th Cir. 2015), and asserts that the ALJ erred by failing to recognize and reconcile a conflict between the DOT and the VE's testimony. (*Id.* 6:3–8). In *Rounds*, the Ninth Circuit discussed the six "Reasoning Levels that range from Level One (simplest) to Level Six (most complex)." *Rounds*, 807 F.3d. at 1002. Levels One and Two state:

> Level 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

*Id.* at 1002–03. The ALJ in *Rounds* found that the claimant was limited to, among other things, "one to two step tasks." *Id.* at 1001. Based on the VE testimony, the ALJ concluded that the claimant was capable of performing three representative jobs that required Reasoning Level

Two. *Id.* at 1002. The Ninth Circuit found an apparent conflict between the claimant's residual functional capacity ("RFC") and the demands of Reasoning Level Two.[2] *Id.* at 1003. Because the ALJ had not recognized the apparent conflict, the ALJ had not asked the VE to explain the conflict. *Id.* Consequently, the Ninth Circuit remanded the matter for further proceedings. *Id.* at 1003–04.

As was the case in *Rounds*, the ALJ here determined Plaintiff was limited to simple, one-to-two step tasks. (AR at 18, ECF No. 15). The ALJ relied on the VE's testimony that Plaintiff's RFC allowed her to perform the job of bench assembler. (*See* AR 27, 74). Bench assembler, however, requires Reasoning Level Two according to the DOT. (*See, e.g.*, R&R 8:9–10). An apparent conflict therefore existed between Plaintiff's RFC limitation to "simple work with one to two steps" and the Level Two reasoning required by the bench assembler position identified by the VE. *See Rounds*, 807 F.3d at 1003. The ALJ did not ask the VE to clarify or explain the inconsistency. *See Massachi v. Astrue*, 486 F.3d 1149, 1152–54 (9th Cir. 2007). Thus, the ALJ erred by failing to resolve the conflict and was not entitled to rely on the VE's testimony in finding that Plaintiff could perform other work. *See Rounds*, 807 F.3d at 1004.

Furthermore, the ALJ's failure to reconcile the apparent conflict is not harmless error. Courts "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)) (holding that ALJ's failure to reconcile apparent conflict between RFC and DOT was not harmless error); *see also Rounds*, 807 F.3d at 1004. Accordingly, the Court concludes that remand for further proceedings is

---

[2] The R&R "agree[d] with many other courts that while a claimant may be limited to simple, repetitive work, she could still perform jobs with a reasoning level of 2 or 3." (R&R 8:1–7) (citing, *inter alia*, *Abrew v. Astrue*, 303 F. App'x 567, 570 (9th Cir. 2008) (unpublished)). However, as the Ninth Circuit pointed out in *Rounds*, the cases upon which the R&R relied are "inapposite because they did not consider a specific limitation to 'one to two step tasks.'" *Rounds*, 807 F.3d at 1004 n.6.

necessary. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further administrative proceedings is appropriate if enhancement of the record would be useful."). Specifically, the ALJ shall determine whether Plaintiff can perform reasoning consistent with DOT Reasoning Level Two. *See Rounds*, 807 F.3d at 1004 n.5.  If not, then the ALJ should determine, with the assistance of a VE, whether there are jobs existing in significant numbers in the regional and national economy that Plaintiff can still perform. *Id.*

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 28), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 16), is **GRANTED** and this case is hereby **REMANDED** to the Administrative Law Judge.  The Clerk of Court shall remand this case back to the Administrative Law Judge and thereafter close this Court's case.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion to Affirm, (ECF No. 21), is **DENIED**.

**DATED** this __5__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge