# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAUNATE ELLIS,

        Plaintiff,

vs.

ANDREW SAUL,

        Defendant.

Case No.: 2:14-cv-01926-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 34), filed by Marc V. Kalagian, to which Defendant Andrew Saul ("Defendant") filed a Notice of Non-Opposition, (ECF No. 35).[1]  For the reasons discussed below, the Court **GRANTS** Marc V. Kalagian's Motion.

**I.**  **BACKGROUND**

On April 5, 2017, the Court entered its Order remanding this case for further proceedings before the Social Security Administration. (Order, ECF No. 31).  While on remand, the Social Security Administration granted Plaintiff an award of back benefits amounting to $93,000.00. (Mot. Attorney Fees 3:4–8, ECF No. 34); (Not. Non-Opposition 1:26–2:1, ECF No. 35).  Marc V. Kalagian—the attorney who represented Plaintiff Shaunate Ellis ("Plaintiff") and secured a decision from this Court—accordingly now requests an award of attorney's fees amounting to $20,000.00 pursuant to 42 U.S.C. § 406(b) for time spent before the Court.

---

[1] Andrew Saul is now the Acting Commissioner of Social Security.  Under Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for the previous Acting Commissioner as the defendant in this suit.

## II. LEGAL STANDARD

42 U.S.C. § 406(b) states, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In the circumstance of an agreement between the claimant and counsel on attorney's fees for such representation, the United States Supreme Court has instructed that courts generally must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nevertheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). Moreover, "[t]he attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148.

## III. DISCUSSION

Mr. Kalagian supports his pending request for $20,000.00 in attorney's fees by providing the Court with a Social Security Representation Agreement signed by Plaintiff Shaunate Ellis when she retained the Law Offices of Rohlfing & Kalagian, LLP for this matter. (Social Security Representation Agreement, Ex. 1 to Mot. Attorney's Fees, ECF No. 34-2); (Mot. Attorney's Fees 3:4–15, ECF No. 34). This Representation Agreement provides that, "if this matter requested judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of the matter will be "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (*Id.*).

After reviewing Mr. Kalagian's Motion, (ECF No. 34), and supporting evidence, the Court finds that a sufficient showing has been made to support the request for $20,000.00 in attorney's fees pursuant to 42 U.S.C. § 406. First, the record here does not reflect substandard representation or dilatory conduct by counsel in order to increase the accrued amount of past-

due benefits. (*See* Order 2:5–10, ECF No. 31) (detailing Plaintiff's initial claim for benefits in February of 2011, timely appeal of the denial of her claim to the Appeals Council, and timely appeal of the Appeals Council's affirmance of denial to this Court); (Decision by Social Security Administration, ECF No. 34-3) (awarding backpay benefits on March 21, 2018). Second, the final requested award does not appear excessive considering the time counsel spent in this case.  That is, Mr. Kalagian declares that the "Law Offices of Rohlfing & Kalagian, LLP expended 20.6 hours of attorney time and paralegal time in the representation of Shaunate Ellis in this matter through the entry of the order of remand." (Decl. Marc V. Kalagian ¶ 5, ECF No. 34).  Though the requested fee of $20,000 results in an effective hourly rate of $970.87, courts both in this district and circuit have approved similar or higher hourly fee requests when reviewing for reasonableness. *Kocan v. Colvin*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016), *report and recommendation adopted*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 884886 (D. Nev. Mar. 7, 2016) (approving an effective hourly rate of roughly $727.00); *Melendez Meza v. Berryhill*, No. EDCV 16-1286-KS, 2019 WL 1751833, at *3 (C.D. Cal. Feb. 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and the Central District of California has repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour."); *cf. Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).  Another fact that reinforces the reasonableness of the fee requested here is that Mr. Kalagian seeks less than the full amount authorized by the Representation Agreement with Plaintiff, which would be $23,495.00 based on 25% of Plaintiff's $93,980.00 backpay award.

One additional inquiry that the Court must address relates to Mr. Kalagian's previous award in this matter of $3,700.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Mr. Kalagian correctly recognizes that he must offset his award of attorney's fees by the amount recovered under the EAJA. *See Gisbrecht*, 535 U.S. at 796 (holding that

where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).  The Court accordingly directs Mr. Kalagian to refund $3,700.00 to Plaintiff Shaunate Ellis.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Marc V. Kalagian's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 34), is **GRANTED**.  A fee award in the amount of $20,000.00 for work before the Court is to be paid to Marc V. Kalagian at the Law Offices of Rohlfing & Kalagian, LLP from the sums held by the Social Security Commissioner from Plaintiff's past-due benefits.

**IT IS FURTHER ORDERED** that  Marc V. Kalagian shall refund $3,700.00 to Plaintiff Shaunate Ellis for funds previously paid under the Equal Access to Justice Act, which shall be credited against the $20,000.00 award in this Order. (*See* Order Granting Stipulation, ECF No. 33).

**DATED** this __24__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Judge